```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x    **NOT FOR PUBLICATION**

DERICK HERNANDEZ,
                                                                     **MEMORANDUM OF**
                                                                     **DECISION AND ORDER**
                                                                     16-CV-6333 (LDH) (ARL)
                          Plaintiff,

          -against-

SHERIFF SPOSATO; JOHN DOES 1-7;
NASSAU MEDICAL STAFF,


                          Defendants.
----------------------------------------------------------------x
```
LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff Derick Hernandez, currently incarcerated at the Nassau County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that he was denied proper medical care. Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, Plaintiff's claims against Sheriff Sposato are dismissed. Plaintiff's claims against the John Doe defendants on the medical staff at the Nassau County Jail shall proceed.

## BACKGROUND

      Plaintiff states that on October 25, 2016, "at around 9:40" he was "slashed from the side of [his] face to [his] neck by an unknown person." (Compl. 4, ECF No. 1.) Plaintiff further alleged that "[t]he wound did not open" but that he was "left with a line from [his] cheek to neck . . . ." (*Id.*) Plaintiff also states that he experienced thigh pain, but does not elaborate on the source of this pain. (*Id.*) Plaintiff alleges that the medical staff did not treat his injuries and he

was "given nothing for the pain." (*Id.*) Plaintiff seeks money damages, declaratory, and injunctive relief. (*Id.* at 5.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008).

**DISCUSSION**

Personal Involvement

Plaintiff's claims against Sheriff Sposato fail and must be dismissed. In a civil rights action, a plaintiff must demonstrate a defendant's direct or personal involvement in the conduct which is alleged to have caused the constitutional deprivation. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Leibovitz v. City of New York*, No. 15-cv-1722, 2015 WL 3971528, at *4 (E.D.N.Y. June 30, 2015); *Holmes v. Kelly*, No. 13-cv-3122, 2014 WL 3725844, at *2 (E.D.N.Y. July 25, 2014). A plaintiff must "allege a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

Additionally, a defendant supervisor cannot be held liable under § 1983 solely based on his position, because there is no *respondeat superi*or or vicarious liability under § 1983. *See, e.g., Iqbal*, 556 U.S. 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Here, plaintiff fails to allege any facts to support a claim against Sheriff Sposato and there is nothing in the complaint to suggest that he had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights to make him liable. *See Hurdle v. Pagnotta*, No. 16-cv-4186, 2016 WL 4186974, at *2 (E.D.N.Y. Aug. 8, 2016) (dismissing § 1983 claims against district attorney defendant, where plaintiff failed to plead direct involvement "because there is no respondeat superior or vicarious liability under § 1983").

## CONCLUSION

Accordingly, all claims against Sheriff Sposato are dismissed. 28 U.S.C. §§ 1915A; 1915(e)(2)(B). No summons shall issue as to this defendant and the Clerk of Court is directed to amend the caption to reflect the dismissal of this defendant. Plaintiff's claims against the John Doe defendants on the medical staff at the Nassau County Jail shall proceed.

As the true identities of the remaining defendants are unknown at this time, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Court requests that the Nassau County Attorney's Office ascertain the full names of the John Doe defendants on the medical staff at the Nassau County Jail who were allegedly involved in the events that occurred on or about October 25, 2016. The Nassau County Attorney's Office is also requested to provide the addresses where the defendants can currently be served. The Nassau County Attorney's Office need not undertake to defend or indemnify these individuals at this time. This Order merely provides a means by which Plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*. The Nassau County Attorney's Office is requested to produce the information specified regarding the identity of these defendants within forty five (45) days from the entry of this Order. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants; summonses shall issue; and the United States Marshal Service shall serve the summonses, the complaint, and this Order upon them without prepayment of fees.

The Clerk of Court shall send a copy of this Order to plaintiff and to the Nassau County Attorney's Office. The case is referred to Magistrate Judge Arlene R. Lindsay for pretrial

supervision.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

        SO ORDERED.

        /s/ LDH
        LaSHANN DeARCY HALL
        United States District Judge

Dated: Brooklyn, New York
      February 2, 2017