UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DERICK HERNANDEZ,

                Plaintiff,

-against-

JOHN DOE 1-7, NASSAU MEDICAL STAFF
AND RN JENNIFER J. MONDESIR,

                Defendants.

**MEMORANDUM OF DECISION AND ORDER**
16-cv-6333 (LDH) (ARL)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

Plaintiff Derick Hernandez, currently incarcerated, brings this *pro se* action under 42 U.S.C. § 1983 against John Does 1-7, Nassau Medical Staff, and Jennifer J. Mondesir (collectively "Defendants"), alleging that he was denied proper medical care while a prisoner at Nassau County Correctional Center (NCCC).[1]

Defendant Jennifer Mondesir moves to dismiss Plaintiff's complaint arguing that Plaintiff has failed to exhaust available administrative remedies and that Plaintiff's complaint fails to state a claim.[2] For the reasons set forth below, Plaintiff's claims are dismissed with prejudice.

---

[1] On February 3, 2017, the Court dismissed Plaintiff's claims against Sheriff Sposato in connection with Plaintiff's application to proceed *in forma pauperis* and the case caption was amended accordingly. (Mem. and Order (Feb. 3, 2017) ECF No. 4.)

[2] On November 27, 2017, the Court ordered Defendant Mondesir to serve her motion to dismiss on Plaintiff on or before December 4, 2017. On December 4, 2017, Defendant Mondesir served Plaintiff with her motion to dismiss. (ECF No. 22.) Plaintiff, however, failed to respond. On December 6, 2017, the Court ordered Plaintiff to serve any opposition to Defendant's motion on or before January 31, 2018. Once again, Plaintiff failed to respond. (*See* ECF No. 26.) On February 2, 2018, the Court ordered Plaintiff to file an opposition to Defendant's motion on or before March 5, 2018 and instructed Plaintiff that if he failed to file an opposition, Defendant's motion to dismiss would be deemed fully briefed. Plaintiff failed to file an opposition and therefore Defendant's motion was deemed fully briefed as of March 5, 2018.

**BACKGROUND**

Plaintiff alleges that on October 25, 2016, "at around 9:40" he was "slashed from the side of [his] face to [his] neck by an unknown person." (Compl. 4, ECF No. 1.) Plaintiff further alleges that "[t]he wound did not open" but that he was "left with a line from [his] cheek to [his] neck . . . ." (*Id.*) Plaintiff also states that he experienced thigh pain, but does not elaborate on the source of this pain. (*Id.*) Plaintiff alleges that the medical staff did not treat his injuries and that he was "given nothing for the pain." (*Id.*) Plaintiff seeks money damages, declaratory, and injunctive relief. (*Id.* at 5.)

Plaintiff alleged that at the time of this incident he was confined in NCCC. (*Id.* at 2.) Plaintiff states that he was aware of NCCC's grievance procedures but did not seek to resolve his claims through these procedures because "I feel this is not a grievable matter." (*Id.*)

**STANDARD OF REVIEW**

To withstand a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal citations omitted). A court considering a 12(b)(6) motion must take factual allegations in the complaint to be true and draw all reasonable inferences in the plaintiff's favor. *Id.*

At the motion to dismiss stage, the Court "must merely determine whether the complaint itself is legally sufficient." *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565

(E.D.N.Y. 1999) (internal citation omitted). The issue before the Court on a Rule 12(b)(6) motion "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Id.* (citing *Villager Pond Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995), *cert. denied*, 519 U.S. 808 (1996)). Recovery "may appear remote and unlikely on the face of the pleading, but that is not the test for dismissal under Rule 12(b)(6)." *Id.* (citing *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995)).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

## DISCUSSION

Defendant argues that Plaintiff's claims are barred by the Prison Litigation Reform Act (PLRA). The PLRA provides that a prisoner may not bring an action under federal law "with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In *Ross v. Blake*, the Supreme Court made clear that the exhaustion requirements of the PLRA were mandatory and only subject to limited exceptions. 136 S. Ct. 1850, 1856 (2016). The Court held that, aside from the "significant" textual qualifier that "the remedies must indeed be 'available' to the prisoner," there are "no limits on an inmate's obligation to exhaust— irrespective of any 'special circumstances.'" *Id.* Following *Ross*, the Second Circuit found that

administrative remedies could be unavailable to inmates under three circumstances. *First*, an administrative remedy is unavailable when "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Williams v. Correction Officer Priatno*, 829 F.3d 118, 123 (2d Cir. 2016) (quoting *Ross*, 136 S. Ct at 1856). *Second*, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* Put differently, "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* at 123-124 (quoting *Ross*, 136 S. Ct at 1856). *Third*, an administrative remedy may be unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 124 (quoting *Ross*, 136 S. Ct at 1860).

Plaintiff alleges that Defendants failed to provide him with adequate medical treatment. (Compl. 4.) Such a claim indisputably falls within the scope of the PLRA's exhaustion requirements. *See Harris v. Bowden*, 349 F. App'x 601, 603 (2d Cir. 2009) (affirming dismissal of prisoner's failure to treat claims based on the PLRA). Further, Plaintiff's allegations, accepted as true, indicate that NCCC had a grievance procedure available and of which Plaintiff was aware. (Compl. 2.) Indeed, courts in this district have previously found NCCC's grievance procedures to be sufficient. *See, e.g.*, *Abney v. Cty. of Nassau*, 237 F. Supp. 2d 278, 281–82 (E.D.N.Y. 2002); *Toomer v. Cty. of Nassau*, No. 7 Civ. 1495 (JFB) (ETB), 2009 WL 1269946, at *6 (E.D.N.Y. May 5, 2009); *Pooler v. Nassau Univ. Med. Ctr.*, 848 F. Supp. 2d 332, 341 (E.D.N.Y. 2012); *Angulo v. Nassau Cty.*, 89 F. Supp. 3d 541, 550 (E.D.N.Y. 2015).

Additionally, the Court does not find that any recognized exceptions to the PLRA apply. In other words, the NCCC's grievance procedures were available to Plaintiff. Plaintiff does not allege that the NCCC's grievance procedures were a "dead end." Nor does Plaintiff allege that

he could not "discern or navigate" these procedures given their complexity. And Plaintiff does not allege that prison administrators thwarted him from taking advantage of these procedures through threats or other affirmative conduct. To the contrary, Plaintiff appears to have chosen not to follow NCCC's grievance procedures of his own volition because he believed that "this is not a grieveable matter." (Compl. 2.) This is not sufficient. *See Amador v. Andrews*, 655 F.3d 89, 103 (2d Cir. 2011) ("Prior cases have held that verbal and physical threats of retaliation, physical assault, denial of grievance forms or writing implements, and transfers constitute such affirmative action.") Therefore, the Court finds that Plaintiff failed to properly exhaust his administrative remedies as required by the PLRA.

That leaves the question of whether the dismissal of Plaintiff's claims should be with or without prejudice. In determining whether to dismiss a complaint with prejudice, courts consider whether the flaws in a plaintiff's complaint are a "temporary, curable, procedural flaw." *Snider v. Melindez*, 199 F.3d 108, 111 (2d Cir. 1999). "Where a plaintiff may cure the defect by pursuing administrative procedures to their conclusion and then reinstituting [his] suit, dismissal without prejudice is appropriate." *Greene v. Desousa*, No. 14 Civ. 6290 (SJF) (AYS), 2016 WL 3460376, at *3 (E.D.N.Y. June 21, 2016). Where an inmate can no longer exhaust administrative remedies because he has been transferred, however, and had ample opportunity to exhaust prior to being transferred, but failed to do so, dismissal with prejudice is proper. *Id.* (finding dismissal with prejudice appropriate where plaintiff was "no longer in custody at the NCCC and . . . can no longer exhaust administrative remedies"); *see also Davis v. Reilly*, 324 F. Supp. 2d 361, 366 (E.D.N.Y. 2004) ("[D]ismissal of a section 1983 complaint with prejudice is proper where the prisoner failed to exhaust administrative remedies available after a period of several months and those remedies are no longer available, partly because of the prisoner's being

he could not "discern or navigate" these procedures given their complexity. And Plaintiff does not allege that prison administrators thwarted him from taking advantage of these procedures through threats or other affirmative conduct. To the contrary, Plaintiff appears to have chosen not to follow NCCC's grievance procedures of his own volition because he believed that "this is not a grieveable matter." (Compl. 2.) This is not sufficient. *See Amador v. Andrews*, 655 F.3d 89, 103 (2d Cir. 2011) ("Prior cases have held that verbal and physical threats of retaliation, physical assault, denial of grievance forms or writing implements, and transfers constitute such affirmative action.") Therefore, the Court finds that Plaintiff failed to properly exhaust his administrative remedies as required by the PLRA.

That leaves the question of whether the dismissal of Plaintiff's claims should be with or without prejudice. In determining whether to dismiss a complaint with prejudice, courts consider whether the flaws in a plaintiff's complaint are a "temporary, curable, procedural flaw." *Snider v. Melindez*, 199 F.3d 108, 111 (2d Cir. 1999). "Where a plaintiff may cure the defect by pursuing administrative procedures to their conclusion and then reinstituting [his] suit, dismissal without prejudice is appropriate." *Greene v. Desousa*, No. 14 Civ. 6290 (SJF) (AYS), 2016 WL 3460376, at *3 (E.D.N.Y. June 21, 2016). Where an inmate can no longer exhaust administrative remedies because he has been transferred, however, and had ample opportunity to exhaust prior to being transferred, but failed to do so, dismissal with prejudice is proper. *Id.* (finding dismissal with prejudice appropriate where plaintiff was "no longer in custody at the NCCC and . . . can no longer exhaust administrative remedies"); *see also Davis v. Reilly*, 324 F. Supp. 2d 361, 366 (E.D.N.Y. 2004) ("[D]ismissal of a section 1983 complaint with prejudice is proper where the prisoner failed to exhaust administrative remedies available after a period of several months and those remedies are no longer available, partly because of the prisoner's being

transferred to another correctional facility.") Here, Plaintiff is no longer an inmate at NCCC. (*See* ECF No. 31 (indicating that Plaintiff is currently incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma)). Based on Plaintiff's own allegations, Plaintiff had the opportunity to file a grievance at NCCC and chose not to. Therefore, the Court finds that dismissal of Plaintiff's claims with prejudice is appropriate.[3]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the complaint is GRANTED. Plaintiff's claims are therefore dismissed with prejudice.

SO ORDERED:

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
September 10, 2018

---

[3] Plaintiff's complaint should be dismissed with prejudice for the additional reason that he has consistently failed to abide by this Court's and Magistrate Judge Lindsay's orders. In addition to failing to respond to Defendant's motion to dismiss in contravention of this Court's orders, Plaintiff failed to provide a written narrative of facts he anticipated presenting at trial as directed by Magistrate Judge Lindsay. (*See* ECF Nos. 17, 25, 30.) Indeed, on July 18, 2018, Magistrate Judge Lindsay issued an Order directing Plaintiff to show cause by August 15, 2018 as to why this action should not be dismissed for failure to prosecute. (ECF No. 30.) Once again, Plaintiff failed to respond. Moreover, in an August 9, 2018 letter, Plaintiff informed the Court that he had lost certain "legal work" and that he agreed with Defendant's "letter motion to dismiss the action for failure to prosecute." (ECF No. 33.) Plaintiff's "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders . . . would result in the dismissal of his action" provides an independent basis upon which to dismiss this action with prejudice. *See Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).